# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

JEFFREY RAY WILLIS                                       PLAINTIFF

v.                                        CIVIL ACTION NO. 4:18-CV-P110-JHM

DANIAL SHERMAN *et al.*                                    DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Jeffrey Ray Willis' *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the instant action.

## I.

Plaintiff, who is a convicted prisoner at the Fulton County Detention Center, brings this action pursuant to 42 U.S.C. § 1983 against Danial Sherman and Ryan Driskill. Plaintiff reports that his criminal case was assigned to Defendant counsel "Driskill, who shares a office, and or works out of the same office as [Defendant counsel] Sherman." Plaintiff claims that he was informed "that cd's and my motion of discovery where sent to this office, where they went thru, and watched these cd's"; that Defendant Sherman, after watching the CD's, told another client of his about a statement Plaintiff made about another person who was eventually arrested for a large "meth" operation; and that Defendant Sherman's other client told the person arrested that Plaintiff "was the one that brought him down." Plaintiff alleges, "my Sixth Amendment and Eight Amendment has been broken, and both Ryan Driskill, and Danial Sherman broke my Attorney to client has been broken and also that law firm has since then told me they can't take my case because of a conflict of interest." In the relief section of the complaint form, Plaintiff

seeks compensatory and punitive damages and alleges "my life has been threaden, and my dauther also."

## II.

### A. *Legal Standard*

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, the Court must dismiss a case at any time if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, therefore, may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*B. Analysis*

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). While an exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not alleged a conspiracy. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Plaintiff, therefore, fails to state a § 1983 claim against his appointed counsel, Defendant Driskill.

Further, because Plaintiff's appointed counsel is not a state actor, it necessarily follows that Defendant Sherman, who is either a partner or shares an office with Defendant Driskill, also is not a state actor.

Plaintiff, therefore, fails to state a claim against either Defendant, and the Court will dismiss this action by separate Order.

Date: November 28, 2018

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4414.005

4